UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCISCO REYNOS-MARTINEZ,<br>    Petitioner | §<br>§<br>§ | |
| v. | § | C.A. NO. C-05-124 |
| | § | |
| JOE D. DRIVER, WARDEN,<br>    Respondent | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

On October 3, 2005, the United States Magistrate Judge filed her Memorandum and Recommendation in this cause (D.E. 22). After ample opportunity, no objections have been filed by either party. This Court regards such omission as each party's agreement with and acceptance of the Magistrate Judge's findings of fact and conclusions of law. Having reviewed the pleadings on file, the Court finds no clear error in the Magistrate Judge's memorandum and recommendation. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). This Court adopts as its own the findings and conclusions of the Magistrate Judge.

On March 8, 2005, Francisco Reynos-Martinez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (D.E. 1). Petitioner challenges the Bureau of Prisons' (BOP's) interpretation of 18 U.S.C. § 3624(b). The statute reads as follows:

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that,

> during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. (2) Notwithstanding any other law, credit awarded under this subsection after the date of enactment of the Prison Litigation Reform Act shall vest on the date the prisoner is released from custody.

18 U.S.C. § 3624(b) (2005). Petitioner argues that the language of this statute requires the BOP to award him 54 days of good time credit for each year of the sentence imposed on him. Respondent, arguing that good time credit is awarded based on the actual time served by petitioner, now moves for dismissal pursuant to Rule 12(b)(6) (D.E. 17, 18, 19, 20).

Petitioner argues that "term of imprisonment" refers to the sentence imposed on him; respondent argues that the phrase means actual time served by a prisoner. Whether respondent's interpretation will be upheld turns on two questions: (1) is the phrase "term of imprisonment" ambiguous; and (2) is the BOP's interpretation of § 3624(b) reasonable. *Chevron, U.S.A., Inc. et al. v. Natural Res. Def. Council, Inc., et al.*, 104 S.Ct. 2778, 2781-82 (1984). The Fifth Circuit recently ruled directly on this issue, finding "that § 3624(b)(1) unambiguously directs how good-conduct credits are to be calculated and applied." *Moreland v. Fed. Bureau of Prisons, et al.*, ___ F.3d ___, 2005 WL 3030414, *4 (5th Cir. Nov. 10, 2005). The court found the phrase "term of imprisonment" to mean "the time the prisoner has actually served, not the sentence imposed." *Id*. at *6. The weight

of authority in other circuits also supports the BOP's position.  *See*, *e.g.*, *Perez-Olivo v. Chavez*, 394 F.3d 45 (1st Cir. 2005); *O'Donald v. Johns*, 402 F.3d 172 (3rd Cir. 2005); *Yi v. Fed. Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2005); *United States v. Wittman*, 139 Fed.Appx. 759 (8th Cir. 2005); *Brown v. McFadden*, 416 F.3d 1271 (11th Cir. 2005); *Brown v. Hemingway*, 53 Fed.Appx. 338 (6th Cir. 2002); *Pacheco-Camacho v. Hood*, 27 F.3d 1266 (9th Cir. 2001); *Vargas-Crispin v. Zenk*, 376 F.Supp.2d 301 (E.D.N.Y. 2005); *Dedrick v. Scibana*, No. CIV-05-1131-R, 2005 WL 2665365 (W.D.Okla. Oct. 19, 2005).

Based on the Fifth Circuit decision in *Moreland* and the overwhelming weight of authority discussed above, this Court finds that the BOP's interpretation of § 3624(b) is not only reasonable but also follows the plain meaning of the statute.  Accordingly, respondent's Motion to Dismiss, treated as a motion for summary judgment (D.E. 18, 20),and is GRANTED, and petitioner's request for habeas corpus relief is DENIED on the merits.

ORDERED this ____8th____ day of ____December____, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE